IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DEREK ANDERSON,

                              Plaintiff,

                                              CIVIL ACTION
                vs.                           No. 11-3171-SAC

PAROLE OFFICER SCHIDLER, et al.,

                              Defendants.


<u>ORDER</u>

This matter is before the court on a civil complaint under 42 U.S.C. § 1983 filed pro se by an inmate in the custody of the Kansas Department of Corrections (KDOC) in a Kansas correctional facility in El Dorado, Kansas (EDCF). Plaintiff has paid the initial partial filing fee assessed by the court under 28 U.S.C. § 1915(b)(1), and is granted leave to proceed in forma pauperis. Plaintiff remains obligated to pay the remainder of the $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

**Screening of the Complaint, 28 U.S.C. § 1915A**

A federal court must conduct an initial screening of any action in which a prisoner seeks relief from a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. § 1915A(a). In conducting the screening, the court must identify any viable claim and must dismiss any part of the action which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such

relief. *See* 28 U.S.C. § 1915A(b). *See also* 28 U.S.C. § 1915(e)(2)(B)(a complaint may be dismissed on initial review if the claim is malicious or frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). While a pro se party's complaint must be given a liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a party proceeding pro se has "the burden of alleging sufficient facts on which a recognized legal claim could be based," *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

To state an actionable § 1983 claim, the complaint must present allegations of fact, assumed to be true, that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accepting all well-pleaded allegations as true and viewed in the light most favorable to the plaintiff, the complaint must present "enough facts to state a claim to relief that is plausible on its face." *Id*. at 555 and 570. Nonetheless, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall*, 935 F.2d at 1110.

Having considered the complaint and plaintiff's amendments, the court finds this action is subject to being summarily dismissed for

2

the following reasons.

It appears plaintiff entered KDOC custody in 1978 to serve sentences imposed for his convictions on theft and robbery charges. Plaintiff subsequently received additional sentences in 1982 for his conviction on charges of theft and making a terroristic threat, and in 1989 for his conviction on a sexual battery charge.  Relevant to the instant matter, plaintiff was released on parole in June 2008. He returned to prison as a parole violator in September 2008, for service of his criminal sentences.

In his complaint, plaintiff contends that he is wrongfully being held in Level II custody, that his request for a lower custody classification was improperly denied, and that his record erroneously lists the Sex Offender Treatment Program (SOTP) as a recommended program he has not yet completed.  The three defendants named in the complaint are Institutional Parole Officer Shidler, EDCF Warden Susan Gibreal, and Corrections Officer Dover.

Plaintiff first broadly maintains these defendants are violating his constitutional rights by wrongfully interfering with plaintiff's safety, and by refusing to correct their records to reflect that plaintiff completed SOTP in 1991 prior to one of his releases on parole.  Second, he suggests without elaboration that Mental Health is preventing reports from being viewed by a prisoner review board, and that Mental Health and defendant Dover did not conduct a fair assessment of plaintiff for post traumatic stress disorder.  And third, he claims defendant Shidler is retaliating against plaintiff because plaintiff is protecting the privacy of his

3

military records from unwanted invasion.  In a supplemental pleading filed over a month later,  plaintiff asserts an additional bare claim of conspiracy under 42 U.S.C. § 1985 to interfere with plaintiff's civil rights.[1]  Some  six months later, plaintiff filed a motion to add additional KDOC defendants to his "conspiracy case,"[2] alleging error in a prison disciplinary action that was initiated after plaintiff filed his original complaint and first "supplement" to the complaint.

The factual support for plaintiff's claims in the original complaint, however, is weak to utterly absent.  Plaintiff provides a copy of his January 2011 grievance regarding his classification level, and the Unit Team's administrative response which denied plaintiff's request for lower custody classification and noted that SOTP has not been removed from plaintiff's record.  Plaintiff also

---

[1]The caption of plaintiff's supplemental pleading names the following defendants:  "KDOC, et al.; Secretary of Corrections Ray Roberts, et al; and Ms Bos a Unit Team Manager."
    The court liberally construes this supplemental pleading as an attempt to amend the complaint to add a new claim and additional or different defendants.  Plaintiff's motion to allow this change is denied as moot because leave of the court is not required to file a first amended complaint.  See Fed.R.Civ.P. 15(a)(1).
    For purposes of this initial screening order only, the court will consider the claims and defendants presented in both the original complaint and the proposed first amendment.  If any claim proceeds beyond initial screening, plaintiff will be directed to submit an amended complaint on a court approved form, in which all claims and defendants are identified.  See Fed.R.Civ.P. 15 (court rule governing amendment of a complaint).

[2]In his motion, the defendants listed in the caption include the three individuals named in the original complaint, and two additional EDCF officers:  Hearing Officer Sgt. Kelley and Corrections Officer Sgt. Fiebiggger.  The court liberally construes this pleading as plaintiff's attempt to amend the complaint a second time to name additional claims and defendants.

provides a copy of a March 2011 letter sent from the Nation
Personnel Records Center to defendant Shidler, indicating that
insufficient evidence had been provided to identify plaintiff's
military records.

As for plaintiff's first amendment of the complaint, there is
no factual support for plaintiff's bare and conclusory assertion of
discrimination on the basis of race, or of any overt act taken by
any defendant in a conspiracy to violate plaintiff's federal rights.

Accordingly, the court finds plaintiff's allegations in his
original and first amended complaint of being denied appropriate
classification, of error in his prison record, and of his concern
for his personal safety, are wholly insufficient to establish any
plausible claim that plaintiff is being subjected to conditions that
subject him to "substantial risk of serious harm" or that any
defendant acted with deliberate indifference to plaintiff's
constitutional rights. *Farmer v. Brennan*, 511 U.S. 825, 828
(1994)(stating two prong test for establishing Eighth Amendment
claim).

To the extent plaintiff's "Amended Motion" seeks to amend the
complaint to name additional defendants regarding a separate and
subsequent disciplinary action, this document is liberally construed
as a motion for leave to file a second amended complaint, and is
denied without prejudice to plaintiff pursuing relief in a
separately filed action.  Amending the complaint to add these
unrelated claims against different defendants would implicate court
rules governing joinder of claims and defendants.  See Fed.R.Civ.P.

18 (governing joinder of claims); Fed.R.Civ.P. 20(governs joinder of defendants).  It would also be contrary to provisions in the Prison Litigation Reform Act that require prisoners to pay the entire filing fee for each action, 28 U.S.C. § 1915(b), and that limit the number of frivolous suits or appeals a prisoner can file without prepayment of the required fees, 28 U.S.C. § 1915(g).

### Notice and Show Cause Order to Plaintiff

Plaintiff is hereby directed to show cause why the complaint as first amended should not be dismissed as stating no claim for relief.  The failure to file a timely response may result in the complaint as first amended being dismissed for the reasons stated herein, and without further prior notice.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, with payment of the remainder of the district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff's motion to supplement (Doc. 3) the complaint to add a separate claim of conspiracy is dismissed as moot because plaintiff is entitled to amend his complaint once without leave of the court.

IT IS FURTHER ORDERED that plaintiff's motion to add other KDOC defendants (Doc. 5) is treated as a motion for leave to amend the complaint a second time, and is denied without prejudice.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days from the date of this order to show cause why the amended complaint should not be summarily dismissed as stating no claim for

relief.

    **IT IS SO ORDERED.**

    DATED:  This 27th day of June 2012 at Topeka, Kansas.


                            s/ Sam A. Crow
                        SAM A. CROW
                        U.S. Senior District Judge